FILED
CLERK, U.S. DISTRICT COURT
JAN 18 2008
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA REID,<br><br>   Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>   Respondent. | NO. CV 07-7248-GW(CT)<br><br>ORDER ACCEPTING<br>MAGISTRATE JUDGE'S<br>REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including the magistrate judge's report and recommendation. The court concurs with the magistrate judge's report and recommendation.

ACCORDINGLY, IT IS ORDERED THAT:

1. The report and recommendation is accepted.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: January 18, 2008

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

FILED
CLERK, U.S. DISTRICT COURT

NOV 13 2007

CENTRAL DISTRICT OF CALIFORNIA
                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA REID, | NO. CV 07-7248-GW(CT) |
| Petitioner, | MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

This report and recommendation is submitted to the Honorable George H. Wu, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and general order of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that the petition be DENIED AND DISMISSED WITH PREJUDICE.

### THE CURRENT PROCEEDINGS

On November 5, 2007, petitioner Debra Reid ("petitioner"), in state custody (on probation) and proceeding pro se, filed a federal petition for writ of habeas corpus challenging her October 30, 2003 state court misdemeanor conviction. (Pet. at 2).

### SUMMARY OF PRIOR PROCEEDINGS

According to the face of the petition, on October 30, 2003 a jury convicted petitioner of one count of making a criminal threat. (Pet. at 2). Petitioner was sentenced to 60 days of electronic monitoring, one year of anger management, 100 hours of community service and three year summary probation, which was stayed pending her appeal. (Id.)

She appealed to the Los Angeles Superior Court Appellate Division ("Appellate Division")[1], and her conviction was affirmed on June 28, 2005. (Pet. at 3).

According to the California Court's online docketing information, petitioner filed a habeas petition in the California Court of Appeal on May 15, 2006, which was denied on May 18, 2006. (See California Appellate Courts - Case Information - 2nd Appellate District, Case No. B190975 at www.courtinfo.ca.gov.; see also Pet. at 4).

Over a year later on June 21, 2007, petitioner filed a second habeas petition challenging her misdemeanor conviction. (See California Appellate Courts - Case Information - 2nd Appellate District, Case No. B199947 at www.courtinfo.ca.gov.; see also Pet. at 4). That petition was denied on June 28, 2007. (Id.)

Petitioner then filed in the California Supreme Court a petition for review of the Court of Appeal's denial of her second habeas petition. (Pet. at 4). The California Supreme Court denied her petition for review on September 12, 2007. (See California Appellate Courts - Case Information - Supreme Court, Case No. S154262 at www.courtinfo.ca.gov.; see also Pet. at 4).

This federal petition followed.

---

[1] All appeals from appealable orders in misdemeanor cases are heard in the appellate divisions of the superior courts. Cal. Const. Art VI §11; Cal. Penal Code §1466.

## DISCUSSION

### A. Failure to Name Proper Respondent

The People of the State of California is not a proper respondent in this case. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994); Rules in Section 2254 Cases, Rule 2(a). Where the petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or the state correctional agency. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Rule 2(b), advisory committee's note. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." Stanley, 21 F.3d at 360.

Normally this court would give petitioner an opportunity to amend the petition to name the proper respondent. However, because this petition suffers from other fatal defects, the court finds that amendment would be futile.

### B. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year period of limitation for prisoners in state custody to file a federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). The one-year period of limitation generally runs from the later of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, and is tolled only during the period of time in which a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(1)(A), (d)(2).

Here, according to the face of the petition, petitioner was convicted by the jury on October 30, 2003. She appealed to the Appellate Division of the Los Angeles Superior Court and her conviction was affirmed on direct review on June 28, 2005. No petition for rehearing was granted so her conviction became final, at the latest, on July 28, 2005.[2] See Cal. R. Ct. 8.708(a)(if no petition for rehearing filed, judgment of appellate division final 15 days after pronouncement, if a petition for rehearing filed, but not granted, judgment is final thirty days after pronouncement). As there is no indication that petitioner filed a petition for writ of certiorari and assuming petitioner's conviction did not become final until the 90 day period for filing a petition for certiorari expired, see Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a petition for writ of certiorari"),[3] petitioner's conviction became final on October 26, 2005. The statute of limitations began to run the

---

[2] The decision of the Appellate Division is the end of the line for review of misdemeanor appeals in California unless the Court of Appeal decides that the case should be transferred to it. See California Rules of Court, Rule 8.1002. If the Court of Appeal denies transfer, there is no review of that decision in the California Supreme Court. See California Rules of Court, Rule 8.500(a). According to the face of the petition, petitioner's case was not transferred to the Court of Appeal after the decision of the Appellate Division and petitioner's direct review ended when the Appellate Division affirmed her conviction. See Pet. at 3.

[3] It is unclear whether the date the petition became final includes the time for filing a petition for certiorari as the Supreme Court has recently held that the pendency of a petition for writ of certiorari does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). See Lawrence v. Florida, _ U.S. _, 127 S.Ct. 1079, 1083-84 (2007).

4

following day, and a properly filed federal petition was due one year later, on or about October 26, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding Fed. R. Civ. P. 6(a) applies to petitions subject to the AEDPA). Petitioner's federal petition was not signed until October 14, 2007. Accordingly, based on foregoing calculation, petitioner's federal petition is time-barred absent tolling.

### 1. Statutory Tolling

Under AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral relief is pending. 28 U.S.C. § 2244(d)(2). So long as subsequent applications for appellate collateral review are filed within a "reasonable time" after the lower court's decision, an application for post-conviction review is "pending" while a California petitioner completes a full round of state collateral review. Carey v. Saffold, 536 U.S. 214, 222 (2002)(AEDPA's tolling rule "modifies the 1-year filing rule (a rule that prevents prisoners from delaying their federal filing) in order to give States the opportunity to complete one full round of review, free of federal interference"). Thus, the time an application for post-conviction relief is "pending" also includes the interval between the disposition of a post-conviction habeas petition and the filing of an appeal or habeas petition at the next state appellate level. Id. at 223-226 ("intervals between a lower court decision and a filing of a new petition in a higher court [are] within the scope of the statutory word 'pending'" unless the petitioner delayed unreasonably). See also Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003)(citing Carey v. Saffold, 536 U.S. at 224, 226).

5

1  Here, petitioner began her first round of collateral review by
2  filing a habeas petition in the California Court of Appeal on May 15,
3  2006. At that point 201 days had passed since her conviction became
4  final on October 26, 2005. The statute of limitations was then tolled
5  until May 18, 2006, when the Court of Appeal summarily denied her
6  habeas petition.
7  Petitioner then began a second round of collateral review by
8  filing a second habeas petition in the California Court of Appeal
9  asserting additional new grounds. (Pet. at 4). Although the statute
10 of limitations is tolled while a petitioner completes "one full round"
11 of state collateral review, the statute of limitations is not tolled
12 during the gap between the completion of one full found of state
13 collateral review and the commencement of another round. Delhomme v.
14 Ramirez, 340 F.3d at 820; see also Biggs v. Duncan, 339 F.3d 1045,
15 1048 (9th Cir.2003) (petitioner not entitled to statutory tolling
16 during period between the completion of the first round of his state
17 habeas petitions and the start of the second round of his state habeas
18 petitions); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (no tolling
19 between the denial of one round of petitions and the commencement of
20 the next round where the subsequent petition is not offered to simply
21 remedy deficiencies in the prior petition). Thus, petitioner is not
22 entitled to tolling during the interval between her two rounds of
23 state habeas petitions.
24 Moreover, because she did not file her second habeas petition in
25 the California Court of Appeal until June 21, 2007, over a year after
26 the California Court of Appeal denied her first petition on May 18,
27 2006 and after the AEDPA one year statute of limitations had already
28 expired, she does not receive any tolling for this second round of

state habeas review. Once the statute of limitations has expired, a petitioner cannot revive or reset the period of limitations by filing a state collateral petition. <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 949, 123 S.Ct. 1627 (2003) (finding the filing of a state collateral action does not toll the statute of limitations once it has expired); <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000) (finding filing of state collateral petition after statute of limitations had already expired did not render federal petition timely). Accordingly, the petition is time-barred and any amendment would be futile.[4]

**RECOMMENDATION**

In accordance with the foregoing, it is recommended that the court issue an order: (1) accepting this report and recommendation; and (2) directing that judgment be entered denying and dismissing the petition with prejudice.

DATED: Nov. 13, 2007

Carolyn Turchin
UNITED STATES MAGISTRATE JUDGE

NOTICE
Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrates and review by the District Judge whose initials appear in

---

[4] It also appears from the face of the petition that petitioner has not fully exhausted all her federal grounds in the state courts as required by 28 U.S.C. § 2254(b)(1). (<u>See</u> Pet. at 6). Generally, the court would allow petitioner an opportunity to amend to allege only fully exhausted grounds or dismiss the petition without prejudice to allow petitioner to exhaust all grounds. However, because the petition is time-barred, dismissal with prejudice is appropriate. <u>See</u> <u>Jiminez v. Rice</u>, 276 F.3d at 482-83 (dismissal with prejudice of unexhausted petition appropriate where the petition was time-barred).

the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of judgment of the District Court.